Mary Jo O'Neill, AZ Bar #005924, Mary.ONeill@eeoc.gov
C. Emanuel Smith, MS Bar #7473, Emanuel.Smith@eeoc.gov
Lucila G. Rosas, CA Bar #187345, Lucila.Rosas@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone: (602) 640-5025
Fax: (602)640-5009
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br>          Plaintiff, <br><br>     vs. <br><br> Creative Networks, LLC, an Arizona corporation, and Res-Care, Inc., a Kentucky corporation, <br><br>          Defendants. | Case No.: <br><br> COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Ms. Rhonda Encinas-Castro and Ms. Kathryn Allen who were adversely affected by such practices.  The EEOC alleges that Defendants, Creative Networks, LLC and Res-Care, Inc., discriminated against Ms. Encinas-Castro and Ms. Allen in retaliation for having opposed discrimination and/or participating in a proceeding pursuant to Title VII, including an investigation of alleged employment discrimination.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5 (f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706 (f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f) (1) and (3).

4. At all relevant times, Defendant Creative Networks, LLC has continuously been an Arizona corporation doing business in the State of Arizona, and the City of Surprise and has continuously had at least 15 employees.

5. At all relevant times, Defendant Creative Networks, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Res-Care, Inc. has continuously been a Kentucky corporation doing business in the State of Arizona, and the City of Surprise and has continuously had at least 15 employees.

7. At all relevant times, Defendant Res-Care, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Ms. Encinas-Castro and Ms. Allen filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least May 2003, Defendants subjected Ms. Encinas-Castro to adverse employment actions in retaliation for opposing what she reasonably believed was discrimination and/ or participating in a proceeding pursuant to Title VII, including but not limited to filing a charge of discrimination with the EEOC, in violation of Section 704 (a) of Title VII, 42 U.S.C. Section 2000e-3 (a). These practices include but are not limited to discipline and termination.

10. Since at least May 2003, Defendants subjected Ms. Allen to adverse employment actions in retaliation for opposing what she reasonably believed was discrimination and/ or participating in a proceeding pursuant to Title VII, including but not limited to being named as a witness in Ms. Encinas-Castro's charge of discrimination, in violation of Section 704 (a) of Title VII, 42 U.S.C. Section 2000e-3 (a). These practices include but are not limited to discipline and threats of termination.

11. The effect of the practices complained of above have been to deprive Ms. Encinas-Castro and Ms. Allen of equal employment opportunities and otherwise adversely affect their employment status on account of retaliation.

12. The unlawful employment practices complained of above were and are intentional.

13. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of Ms. Encinas-Castro and Ms. Allen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation or any other employment practice against employees who oppose practices made unlawful by Title VII or are participating in a proceeding pursuant to Title VII.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose unlawful employment discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Ms. Encinas-Castro and Ms. Allen by providing appropriate back pay and benefits with prejudgment interest and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including other appropriate relief to be determined at trial.

D. Order Defendants to make whole Ms. Encinas-Castro and Ms. Allen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to medical expenses or other out of pocket expenses in amounts to be determined at trial.

E. Order Defendants to make whole Ms. Encinas-Castro and Ms. Allen by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to pain and suffering, emotional distress, inconvenience, loss of enjoyment of life, loss of self-esteem and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Ms. Encinas-Castro and Ms. Allen punitive damages for its malicious and reckless conduct complained of above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

DATED this 30th day of September, 2005.

                              Respectfully submitted,

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN YOUNG REAMS
                              Associate General Counsel

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION
                              1801 L Street, N.W.
                              Washington, D.C.  20507


                               s/Mary Jo O'Neill
                              MARY JO O'NEILL
                              Regional Attorney

                               s/ C. Emanuel Smith
                              C. EMANUEL SMITH
                              Supervisory Trial Attorney

                              s/ Lucila G. Rosas
                              LUCILA G. ROSAS
                              Trial Attorney

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION, Phoenix District Office
                              3300 N. Central Ave., Suite 690
                              Phoenix, AZ  85012
                              (602) 640-5025

                              Attorneys for Plaintiff