**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) | No. CV 05-3032-PHX-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| Creative Networks, LLC and Res-Care, Inc., ) | |
| Defendants. ) | |

Pending before the Court is Defendant Res-Care, Inc.'s ("Res-Care") Motion to Dismiss Plaintiff Equal Employment Opportunity Commission's (the "EEOC") Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 8.) The EEOC has filed a response to Res-Care's Motion, to which Res-Care has replied. (Dkts. 10, 15.) Based on the parties' briefs, the Court issues this Order.

**BACKGROUND**

On September 30, 2005, the EEOC filed a Complaint against Creative Networks, LLC ("Creative Networks") and Res-Care, the parent company of Creative Networks, alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et. seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. (Dkt. 1.) The EEOC alleges that *both* Creative Networks and Res-Care discriminated against Rhonda Encinas-Castro and Kathryn Allen "in retaliation for having

opposed discrimination and/or participating in a proceeding pursuant to Title VII, including an investigation of alleged employment discrimination." (Dkt. 1 at 1.)

The Complaint is divided into four sections. The first section contains allegations concerning jurisdiction and venue (id. at ¶¶1-2); the second section sets forth allegations about the parties (id. at ¶¶3-7); the third section sets forth general allegations regarding Creative Networks' and Res-Care's alleged discrimination (id. at ¶¶8-13); and the fourth section contains a prayer for a permanent injunction, back pay, medical expenses, emotional distress damages, and punitive damages (id. at 4).

The general allegations in the third section of the Complaint describe Creative Networks' and Res-Care's alleged discrimination in broad strokes. In paragraphs 9 and 10, for example, the EEOC alleges that "Defendants" subjected Ms. Encinas-Castro and Ms. Allen to "adverse employment actions in retaliation for opposing what [they] reasonably believed was discrimination and/or participating in a proceeding pursuant to Title VII." (Dkt. 1 at ¶¶9-10.) The EEOC does not allege which persons discriminated against Ms. Encinas-Castro and Ms. Allen, precisely when the alleged discrimination occurred, or the exact circumstances surrounding the alleged discriminatory conduct. The remaining general allegations claim that the "unlawful employment practices" of Creative Networks and Res-Care were "intentional" and "done with malice and/or reckless indifference to the federally protected rights of Ms. Encinas-Castro and Ms. Allen." (See id. at ¶¶ 11-13.)

On November 18, 2005, Creative Networks filed an Answer to the Complaint and Res-Care filed a Motion to Dismiss for failure to satisfy Fed.R.Civ.P. 12(b)(6). (Dkts. 7-8.) Res-Care contends dismissal is warranted because "it has no relationship to this case other than being the corporate parent of [co-defendant] Creative Networks." (Dkt. 8 at 2.) Relying on Watson v. Gulf & Western Indus., 650 F.2d 990 (9th Cir. 1981), and Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213-14 (9th Cir. 1989), Res-Care contends it is entitled to dismissal because "a parent corporation that does not exercise day-to-day control over its subsidiaries' employment matters cannot be sued for the subsidiaries' alleged

- 2 -

1  wrongdoing." (Dkt. 8 at 4.)  Although Res-Care cites a correct proposition of law in support
2  of its Motion, the factual support it seeks to have applied is not contained within the EEOC's
3  Complaint but, rather, in extraneous documents outside the pleadings.  See Dkts. 8, Ex. 2;
4  15, Ex. 1.  For the reasons set forth below, Res-Care's Motion to Dismiss will be denied.

## DISCUSSION

**A.     The Court Will Take Judicial Notice of Res-Care's Form 10-K**

Under Federal Rule of Evidence 201, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed.R.Evid. 201(d).  A fact is appropriate for judicial notice if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).  The Court may take judicial notice of public records, such as SEC filings. Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).  The consequences of taking judicial notice are significant. Judicial notice precludes either party from introducing evidence to disprove that fact. Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir. 2005).  The Ninth Circuit has accordingly urged district courts to be cautious in taking judicial notice and to do so only when the "matter [is] beyond reasonable controversy." Id.

In order to prove it is the parent company of Creative Networks, Res-Care requests the Court take judicial notice of its Form 10-K filed with the SEC on May 21, 2005.  (Dkt. 8 at 2 n.2.)  The Court agrees. Dreiling v. American Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court may take judicial notice of SEC filings).  Because taking judicial notice of Res-Care's Form 10-K in its entirety could have unforeseen consequences later in this litigation, the Court will take judicial notice only of those facts appearing in the Form 10-K that are both undisputed and relevant to the issues presented in the Motion to Dismiss – that Res-Care is the parent company of Creative Networks. See Dkt. 8, Ex. 1 at 39.  The Court will take judicial notice of this fact only for purposes of deciding Res-Care's Motion to

1 Dismiss. See Dreiling, 458 F.3d at 946 n.2 (in ruling on motion to dismiss, court may
2 consider documents referred to in complaint or any matter subject to judicial notice).

3 **B.     The Court Will Not Consider Matters Outside the Complaint**

4 In its Motion to Dismiss, Res-Care readily concedes that the EEOC has filed a
5 Complaint against Creative Networks and Res-Care alleging unlawful employment practices.
6 (Dkt. 8 at 2.) Res-Care does not challenge the sufficiency of the EEOC's pleading, nor does
7 it contend that the EEOC's allegations are vague or conclusory. See Dkts. 8, 15. Rather, in
8 addition to requesting judicial notice of its Form 10-K, Res-Care submits (i) an
9 Administrative Services Agreement between Res-Care and Creative Networks, executed on
10 January 5, 1998 (the "Agreement"); and (ii) the Affidavit of James C. Plutowski. (Dkts. 8,
11 Exs. 1-2; 15, Ex. 1.) Res-Care contends it is entitled to be dismissed because, "[u]nder the
12 Agreement, Res-Care agrees to provide certain administrative services for Creative
13 Networks, but specifically excludes responsibility for personnel and employment issues."
14 (Dkt. 8 at 3.) Further, Mr. Plutowski avers that, "to date Res-Care has done nothing to assist
15 Creative Networks with respect to any employment-related policy or practice." (Dkt. 15 at
16 4) (emphasis in original).

17 Among other things, the EEOC argues that Res-Care's Motion is "premature" because
18 no discovery has been conducted. (Dkt. 10 at 2.) The Court agrees that Res-Care's attempt
19 to convert its Motion to Dismiss to a Motion for Summary Judgment, based on documents
20 extraneous to the Complaint, is premature because even the preliminary stages of discovery
21 and disclosures under Fed.R.Civ.P. 26(a) have not yet occurred. Thus, any attempt by the
22 EEOC to assert facts in a summary judgment proceeding is premature, to say the least.
23 Accordingly, the Court rejects Res-Care's invitation to rely on material outside the pleadings
24 and invoke the provisions of Fed.R.Civ.P. 56. See Dkt. 8 at 3 n.3 ("If the EEOC challenges
25 Res-Care's motion on this issue, converting this matter to a Rule 56 motion, Res-Care will
26 provide an affidavit confirming that neither Ms. Encinas-Castro nor Ms. Allen were ever
27 employed by Res-Care.").

28

- 4 -

1       In the Ninth Circuit, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court." North Star Int'l v. Arizona Corporation Comm'n, 720 F.2d 578, 582 (9th Cir. 1983) (holding that district court properly treated motion as motion to dismiss, despite presence of affidavits, where there was no indication of the court's reliance on outside materials and the court expressly stated that it was dismissing for failure to state a claim upon which relief could be granted); Keams v. Tempe Tech'l Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997) ("a 12(b)(6) motion need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided that 'nothing in the record suggest[s] reliance' on those extraneous materials"). Rather, "a district court must take some affirmative action to effectuate conversion." Swedberg v. Marotzke, 339 F.3d 1139, 1142 (9th Cir. 2003).

      In denying Res-Care's Motion to Dismiss (infra at 5-7), the Court has not relied on the extraneous information submitted by Res-Care and referred to by the EEOC. Rather, in accordance with Ninth Circuit precedent, all extraneous documents outside the pleadings have been excluded from the Court's determination of whether the EEOC has alleged a claim upon which relief may be granted against Res-Care. North Star Int'l, 720 F.2d at 582.

**C.     The EEOC Has Properly Alleged A Claim Upon Which Relief May Be Granted**

      **1.     Standard of Review**

      A complaint may not be dismissed for failure to state a claim "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief.'" Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citation omitted). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, "a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). On a motion to dismiss for failure to state a claim, the court must presume all factual allegations

- 5 -

1 of the complaint to be true and draw all reasonable inferences in favor of the nonmoving
2 party. Usher, 828 F.2d at 561. Moreover, civil rights complaints are to be liberally
3 construed. Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir. 1989), abrogated on
4 other grounds by Merritt v. County of Los Angeles, 875 F.2d 765, 769 (9th Cir. 1989).
5 When a court has taken judicial notice of facts, the court may also consider such facts in
6 evaluating a motion to dismiss. Dreiling, 458 F.3d at 946 n.2.

### 2. The EEOC Has Stated a Claim Against Res-Care

As previously stated, Ninth Circuit jurisprudence holds that "[i]n the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary." See Watson, 650 F.2d at 993. In Watson, the Ninth Circuit Court of Appeals affirmed the trial court's grant of summary judgment to a parent corporation because there was "no indication that the parent-subsidiary relationship [was] a 'sham' or that circumstances exist that would render the parent liable for debts of its subsidiary." Id. The Court of Appeals observed that the result would be different, however, if there had been evidence that the parent "participated in or influenced the employment policies" of the subsidiary, or that the parent "had undercapitalized [the subsidiary] in a way that defeated potential recovery by a Title VII plaintiff." Id.

Although Res-Care cites a correct proposition of law in support of its Motion to Dismiss, neither Watson nor its progeny require the plaintiff in a civil rights action to affirmatively allege that the parent-subsidiary relationship at issue is a "sham," that the parent "participated in or influenced the employment policies" of the subsidiary, or that the parent undercapitalized the subsidiary in a way that defeated potential recovery by a Title VII plaintiff. See Watson, 690 F.2d at 992-93. More importantly, Watson demonstrates that it is *not* beyond doubt that the EEOC can prove not set of facts in support of the claim alleged against Res-Care. See Watson, 650 F.2d at 993. Because Res-Care has failed to demonstrate that, as a matter of law, no relief could be granted under any set of facts that could be proved consistent with the EEOC's allegations, Res-Care's Motion to Dismiss will be denied. See

1  Usher, 838 F.2d at 561 ("unless it appears beyond doubt that the plaintiff can prove no set
2  of facts in support of [the] claim which would entitle [the plaintiff] to relief").[1]
3  Accordingly,
4  **IT IS HEREBY ORDERED DENYING** Res-Care's Motion to Dismiss.  (Dkt. 8.)
5  **IT IS FURTHER ORDERED** that the Court Deputy shall schedule and issue an
6  order setting a Rule 16 Preliminary Pretrial Conference pursuant to Fed.R.Civ.P. 16(b).
7  DATED this 29th day of December, 2006.

_____
Stephen M. McNamee
United States District Judge

---

[1] Although the EEOC did file its response to Res-Care's motion approximately two weeks late, the Court rejects Res-Care's argument that the EEOC has consented to its Motion to Dismiss under LRCiv 7.2(i).

- 7 -