Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Lucila G. Rosas, CA Bar #187345
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone: (602) 640-5025
Fax: (602)640-5009
Email:  Mary.ONeill@eeoc.gov
           Sally.Shanley@eeoc.gov
           Lucila.Rosas@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Creative Networks, LLC, an Arizona corporation, and Res-Care, Inc., a Kentucky corporation, )<br>)<br>Defendants. )<br>) | Case No.:  CV05-3032-PHX-SMM<br><br>**PLAINTIFF'S MOTION TO STRIKE OR IN THE ALTERNATIVE LEAVE TO FILE SURREPLY RE: CREATIVE NETWORKS, LLC ADDITIONAL PLEADINGS** |

Pursuant to Local Rule of Civil Procedure 7.2(m) and 56(a), Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), hereby respectfully moves this Court to strike Defendant Creative Networks, LLC's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment (Doc. 115-2 , Exhibits A - F), Reply to EEOC's Local Rules of Practice 56.1 (b) Response to Defendant's Statement of Facts and exhibits (Doc. 116, 116-2) and Response to Plaintiff EEOC's Statement of Facts (Doc. 118) and exhibits (Doc. 118 -2, Exhibits 1 – 4).  Plaintiff requests the court not consider any portion of those documents because they are not authorized by the Rules of Civil

Procedure.  The EEOC also respectfully moves this Court for leave to file a surreply addressing any portion of those documents that are not stricken.

## I. ARGUMENT

Submitted contemporaneously with Defendant's Reply Brief (Doc. 115) were Exhibits A – F, which include excerpts of deposition transcripts, an affidavit from Ron Cornelison, CEO/Executive Director, with supporting documentation, not previously submitted, attached to or relied upon in Defendant's Motion for Partial Summary Judgment.  Defendant Creative Networks, also filed a Reply to EEOC's Controverting SOF and Response to EEOC's SOF with exhibits (Doc. 116, 116-2, 118 and 118 - 2).  By ignoring the Local Rules and case law, Creative Networks has denied the EEOC the opportunity to (1) respond to the newly submitted facts, (2) challenge the admissibility of the supporting evidence, or (3) address new arguments in the Reply Brief that rely on any of these facts or exhibits.

### A. Exhibits Attached to Creative Networks' Reply Brief Should Be Stricken and Should Not Be Considered by the Court.

The newly submitted exhibits at issue in the EEOC's Motion to Strike consist of an affidavit from Defendant's key management official: Ron Cornelison and supporting documentation as well as excerpts from deposition transcripts of Ginger Call, Kathryn Allen, Edna Faulkner, Ron Cornelison, and Rhonda Encinas-Castro.  (Doc. 115-2, Ex. A – F).  The information contained in these exhibits is information that Creative Networks either  (1) had at the time it filed its Motion for Summary Judgment, but chose not to include, or (2) could have easily obtained at the time it filed its summary judgment motion, but chose not to do so.  Rather, these exhibits were prepared specifically to attempt to neutralize the genuine issues of fact raised in the EEOC's Response.

Neither the Federal Rules of Civil Procedure nor the Local Rules of Civil Procedure ("Local Rules") authorize Defendant to file additional exhibits with its Reply.  The Federal Rules of Civil Procedure provide for the filing of a motion for summary judgment and an opposition thereto.  Fed. R. Civ. P. 56.  The Local Rules provide that Defendant, the moving party, may file a Motion for Summary Judgment of up to

seventeen pages with separate Statement of Facts containing citations to the record, as well as a Reply of up to eleven pages. (L.R. Civ. 7.2, 56.1). Defendant filed each of the pleadings allowed by the Federal and Local Rules -- a Summary Judgment Motion, Statement of Facts with exhibits, and a Reply, as the Rules of Civil Procedure allow. Defendant should not be allowed to file additional exhibits and pleadings that the Rules do not allow.

Case law of the Ninth Circuit and other courts of appeal support the EEOC's request to strike the exhibits and not to consider the arguments in Defendant's Reply that rely on these exhibits. Inclusion of new exhibits with a Reply is improper because the EEOC has had no opportunity to address this newly-cited material. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), *cert. denied* 522 U.S. 808 (1997). The purpose of Federal Rule of Civil Procedure 56(c), which requires that the non-moving party be given at least ten days notice prior to a hearing and subsequent decision granting a summary judgment motion, is to provide the non-movant a reasonable and meaningful opportunity to respond to the motion and any supporting evidence. *Delgado-Biaggi v. Air Transport Local 501*, 112 F.3d 565, 567 (1st Cir 1997) (quoting *Cia. Petrolera Aribe, Inc. v. ARCO Caribbean, Inc*., 754 F.2d 404, 409-410 (1st Cir. 1985)). Therefore, a court has the option of striking new arguments and evidence set forth for the first time in a reply. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-1165 (10th Cir. 1998); *Black v. TIC Invest. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990); *Cia. Petrolera Aribe, Inc.*, 754 F.2d at 409-410. "[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond. *Provenz*, 102 F.3d at 1483.

As stated above, the exhibits submitted by Defendant were information Creative Networks had at the time it filed its Motion for Summary Judgment but chose not to include. Creative Networks had possession of each of the deposition transcripts, and Defendant could have obtained the affidavit of Mr. Cornelison prior to its submission of its Motion for Summary Judgment. By waiting until the Reply to include all of this

information, Defendant Creative Networks has denied the EEOC an opportunity to address this material.  Creative Networks relies on these exhibits repeatedly in its Reply (*See* Reply brief at 5 – 9).   For instance, Defendant makes reference to the deposition transcripts and affidavit to rebut the EEOC's arguments and evidence.  Thus, Creative Networks also has denied the EEOC an opportunity to address new arguments in the Reply utilizing these exhibits.

In sum, because the exhibits submitted via Creative Networks' Reply are not authorized by the Federal or Local Rules of Civil Procedure, and because they contain new information and are the basis for new arguments to which the EEOC has not had the opportunity to respond, EEOC requests that the exhibits be stricken, and that the Court not consider any portion of Defendant's Reply citing the exhibits.

**B.  Defendant Creative Networks' Reply to EEOC's Local Rule 56.1 (b) Response to D's Statement of Facts (Doc. 116 and 116-2) and Response to EEOC's Statement of Facts and exhibits (Doc. 118 and 118-2) Are Prohibited by Federal and Local Rules and Should Be Stricken.**

Defendant filed a document entitled "Defendant's Reply to EEOC's Local Rules of Practice 56.1 (b) Response to Defendant's Statement of Facts" and exhibits (Reply to EEOC's Controverting SOF, Doc. 116 and 116-2) and "Defendant's Response to Plaintiff EEOC's Statement of Facts" and exhibits (Resp. to PSOF, Doc. 118, 118-2), whose contents clearly reveal that the pleadings are, in reality, a supplemental summary judgment reply.  The Federal Rules of Civil Procedure are silent on the filing of a reply; the Local Rules provide for the filing of one Reply of eleven pages.  (*See* Fed. R. Civ. P. 56, L.R. Civ. 7.2, 56.1).

By specifying the length of pleadings allowed, the Local Rules not only do not allow, but effectively prohibit, the filing of additional pleadings in support of a summary judgment reply.  *See EEOC v. Temple Inland, Inc.,* No. CV06-01899-PHX-NVW, Doc. 134 (D. Ariz., June 2, 2008) (Defendant's additional pleadings are not authorized by federal and local court rules and thus Plaintiff's motion to strike is proper.); *EEOC v. Boeing, Co.,* 05-03034, 2007 WL 2343860 at *12 (D. Ariz.)(Noting that such supplemental filings are not contemplated by the Local Rules); *EEOC v. Valwest,* No.

- 4 -

1 CV05-03031-PHX-DGC, Doc. 49 (D. Ariz., May 20, 2008) (citing *EEOC v. Boeing, Co.*).  While the Local Rules require the party opposing a motion for summary judgment to file a statement specifically setting forth whether the opposing party disputes each of the moving party's statements of fact, the filing of such a statement is required only of the opposing party, and the Local Rules do not permit such a statement by the moving party.  (L.R. Civ. 56.1(b)); *see also Id.*   Thus, Defendant's Response to PSOF must be considered a second Reply, or a supplement in support of its one Reply.  Neither of these pleadings is authorized by the Federal or Local Rules.  (*Id., see also* Fed. R. Civ. P. 56, L.R. Civ. 7.2).  Similarly, Defendant's Reply to EEOC's Controverting SOF and exhibits are simply another attempt by Creative Networks to supplement its Reply and provide further arguments to support its original motion for partial summary judgment.

Review of the material in Defendant's Response to PSOF (Doc. 118 and 118-2) and Reply to EEOC's Controverting SOF (Doc. 116 and 116-2) confirms that the purpose of these pleadings is to serve as additional replies.  Both pleadings contain analysis and argument about the evidence offered by the EEOC and the meaning to be attached to that evidence, as well as other legal arguments, and reference to newly submitted exhibits and evidence.   For instance, in both pleadings, Defendant argues that EEOC "misstates testimony," "acknowledges" the EEOC's Statement or confirms the statement but goes on to add its own analysis to evidence.  Aided by new citations to evidence not cited in its Motion, Defendant argues the *meaning* and *importance* of the evidence over and over.  (*See, e.g.* Resp. to PSOF at ¶¶ 7, 9, 12, 17, 22, 23, 26, 29 – 32; Reply to Controverting SOF at ¶¶ 3, 4, 6, 9, 12, 15, 16).  If Defendant wished to make these arguments about the significance of particular pieces of evidence, it was required to do so within its eleven-page Reply.  Given that these are additional pleadings with arguments not permitted by the Federal Rules of Civil Procedure or the Local Rules, they should be stricken.

///

///

**C.  In the Alternative, EEOC Should be Given an Opportunity to File a Surreply to Defendant's Reply, Response to PSOF and Reply to Plaintiff's Controverting SOF and exhibits attached to each respective pleading (Docs. 115, 115-2, 116, 116-2, 118, 118-2).**

The issues before this Court in Defendant's Motion for Summary Judgment have been adequately addressed in Defendant's Motion and Statement of Facts, the EEOC's Response, Statement of Facts, and Response to Defendant's Statement of Facts, and Defendant's Reply.  Defendant had no basis for filing Exhibits to its Reply in Support of its Motion for Partial Summary Judgment (Doc. 115-2, Ex. A - F), Reply to EEOC's Controverting SOF (Doc. 116, 116-2) and Resp. to PSOF (Doc. 118, 118-2).

As explained above, the Ninth Circuit has held that when new evidence is presented in a reply to a motion for summary judgment, that evidence should not be considered unless the non-moving party has an opportunity to respond to it.  *Provenz,* 102 F.3d at 1483.  In accordance with the purpose of Rule 56(c)—to provide the non-movant a reasonable and meaningful opportunity to respond to the motion and any supporting evidence—the non-moving party must be given an opportunity to respond when the moving party sets forth new arguments and/or new evidence in its reply.  *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481-482 (6th Cir. 2003) (summary judgment reversed because district court did not give non-moving party opportunity to respond to new evidence submitted with reply brief); *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 & n.10 (5th Cir. 2004) (summary judgment affirmed; non-movant given opportunity to respond to new evidence and arguments raised in reply brief, including opportunity to raise new evidence); *Cia. Petrolera Aribe, Inc.*, 754 F.2d at 410 (reversing award of summary judgment after deciding not to consider any portion of district court decision that relied on non-moving party's reply brief and evidence attached thereto, because district court had not given non-moving party an opportunity to respond to the new arguments and evidence contained in the reply); *EEOC v. Brown & Brown Chevrolet,*

*Inc.*, No. CV05-1575-PHX-ROS, Doc. 236 (D. Ariz. Jan. 9, 2008) (granting motion for leave to file surreply).

      Another circuit court of appeals construes Federal Rules of Civil Procedure 56(c) and 6(d) together to conclude that a non-moving party must have at least ten days to respond to the moving parties' submissions, regardless of when those submissions are made.  *See Burns v. Gadsden State Comm. Coll.*, 908 F.2d 1512, 1516-1517, 1520 (11th Cir. 1990) (reversing award of summary judgment and remanding to district court for consideration of non-movant's affidavits).  Other circuit courts have ruled that courts are required to allow responses unless they decline to consider the additional evidence and arguments raised in the reply.  *See Beaird*, 145 F.3d at 1164-1165; *Black*, 900 F.2d at 116.

      As explained in detail above, Creative Networks' additional pleadings (Docs. 115, 115-2, 116, 116-2, 118, 118-2) are functionally an additional Reply containing arguments based on new exhibits, new legal arguments citing to case law, and new factual arguments about how its evidence, and the evidence set forth by the EEOC, should be construed.  In addition, the exhibits submitted with the Defendant's pleadings are new and the EEOC has not had the opportunity to address them.  Should the Court decline to strike Defendant's additional pleadings and the exhibits attached thereto, the EEOC requests that the Court grant it leave to file a Surreply.  The EEOC requests a response due date of twenty days from the date of the Court's Order granting leave to file a Surreply.

                             Respectfully submitted,

                             MARY JO O'NEILL
                             Regional Attorney

                             SALLY C. SHANLEY
                             Supervisory Trial Attorney

s/ Lucila G. Rosas
LUCILA G. ROSAS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Phoenix District Office

Attorneys for Plaintiff

### Certificate of Service

I certify that on this 12th day of August 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James L. Blair, Esq.
N. Todd McKay, Esq.
Sandra A. Shoupe-Gorga, Esq.
Renaud Cook Drury Mesaros, P.A.
Phelps Dodge Tower
One North Central Ave., Suite 900
Phoenix, AZ 85004-4417
Attorneys for Defendants

s/ Lucila G. Rosas
