**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Creative Networks, LLC and Res-Care, Inc.,<br><br>　　　　Defendants. | No. CV-05-3032-PHX-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Strike or in the Alternative Leave to File Surreply Re: Res-Care's Additional Pleadings (Doc. 120). In the Motion to Strike, Plaintiff asks the Court to strike Defendant Res-Care's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment (Docs. 112-2 to112-7), Response to Plaintiff's EEOC's Statement of Facts (Doc. 113) and Reply to EEOC's Local Rule 56.1(b) Response to Defendant's Statement of Facts (Doc. 114). Additionally, Plaintiff requests that the Court grant it leave to file a surreply addressing any exhibits or documents not stricken. Having considered the Motion to Strike, the Court finds as follows.

**BACKGROUND**

In the present case, Defendant initially filed a Motion for Summary Judgment (Doc. 93) and Separate Statement of Undisputed Facts in Support of its Motion for Summary Judgment (Doc. 94). Then, on May 14, 2008, Plaintiff filed a Response to the Motion for Summary

Judgment (Doc. 103), Statement of Facts (Doc. 104), and Local Rule of Practice 56.1(b) Response to Defendant's Separate Statement of Facts (Doc. 105).  Next, on June 2, 2008, Defendant responded by filing a Reply Brief in Support of its Motion for Summary Judgment (Doc. 112), Response to Plaintiff's Separate Statement of Facts (Doc. 113), and Reply to Plaintiff's Local Rule of Practice 56.1(b) Response to Defendants' Separate Statement of Facts (Doc. 114).  Plaintiff filed the instant motion on August 12, 2008 (Doc. 120).

## STANDARD OF REVIEW

### A.   Motion to Strike

Under the Local Rules of Civil Procedure, a motion to strike may be filed in only two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when the motion to strike seeks to strike a filing or submission because it is prohibited by statute, rule, or court order.  LRCiv. 7.2(m)(1).  Furthermore, objections to the admission of evidence submitted in support of or opposition to a motion are not appropriate for a motion to strike.

> An objection to the admission of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum (or, if the underlying motion is a motion for summary judgment, in the party's response to another party's separate statement of material facts) and not in a separate motion to strike or other separate filing.

LR Civ. 7.2(m)(2).  Similarly, any response to the objection must be included in the reply memorandum for the underlying motion filed by the responding party, rather than in a separate responsive memorandum.  Id.

### B.   Motion for Summary Judgment

Pursuant to the Local Rules of this Court, a party filing a motion for summary judgment (the moving party) is required to file a statement detailing each material fact that the party relies on to support its motion.  LRCiv. 56.1(a).  This statement is to be filed separately from the motion and memorandum of law.  Id.  Likewise, the opposing party must have one statement, filed separate from the memorandum of law, that includes any disputes the nonmoving party has with the moving party's statement of facts,

1  supporting citations to the record, and any new facts they wish to offer in opposition.
2  LRCiv 56.1(b).

> Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.

8  Id. These disputes include any objections the nonmovant has with the moving party's
9  statement of facts. LRCiv. 7.2(m)(2). The non-movant's Response shall not exceed
10 seventeen pages, excluding attachments and the required responsive statement of facts
11 discussed above. LRCiv. 7.2(e).

12 While a Reply memoranda of eleven pages is allowed, the Local Rules do not
13 authorize a separate Statement of Facts in the Reply as they explicitly do for a Response.
14 Id. Should a moving party have any objections or replies to facts or arguments contained
15 in the Response or its accompanying statement of facts, these ". . . must be included in the
16 responding party's reply memorandum for the underlying motion and may not be
17 presented in a separate responsive memorandum." LRCiv. 7.2(m)(2).

## DISCUSSION

19 First, Plaintiff moves the Court to strike several exhibits attached to Defendant's
20 Reply brief, including affidavits from Ron Cornelison and Freda Smith (Doc. 112-3 and
21 112-4) and excerpts from the deposition transcripts of Ron Cornelison, Deena Ombres,
22 and Freda Smith (Doc. 112-5 to 112-7). Plaintiff argues that these exhibits should not be
23 considered by the Court because they represent new evidence that Plaintiff has had no
24 opportunity to address (Doc. 120, 2-3). In making this argument, Plaintiff relies heavily
25 on Provenz v. Miller, where the Court stated, "Where new evidence is presented in a
26 reply to a motion for summary judgment, the district court should not consider the new
27 evidence without giving the [non-] movant an opportunity to respond." 102 F.3d 1478,
28 1483 (9th Cir. 1996), cert. denied 522 U.S. 808 (1997) (quoting Black v. TIC Inv. Corp.,

1  900 F.2d 112, 116 (7th Cir. 1990)).  Although Defendant allegedly had this evidence at
2  the time it filed its Motion for Summary Judgment, Plaintiff contends Defendant waited
3  until its Reply motion to offer it in an attempt to preclude Plaintiff from addressing the
4  new exhibits (Doc. 120, 2:12-20).  As a result, the exhibits should be stricken, or at the
5  very least, Plaintiff given an chance to respond using a surreply (Id. 3:21-27, 4:7-12).

6        There is no dispute that a party may not file "new" evidence with a reply and then
7  deprive the opposing party of an opportunity to respond to the new evidence.  Provenz,
8  102 F.3d at 1483.  The Court has examined the challenged exhibits and concludes that
9  they do not constitute new evidence.  Rather, they rebut arguments first raised by Plaintiff
10 in its opposition to Defendant's Motion for Summary Judgment.  Consequently, the
11 submissions were proper and Plaintiff's Motion to Strike as it pertains to the specified
12 exhibits is denied.

13       Second, Plaintiff moves the Court to strike Defendant's Response to Plaintiff
14 EEOC's Statement of Facts (Doc. 113) and Defendant's Reply to EEOC's Local Rules of
15 Practice 56.1(b) Response to Defendant's Statement of Facts (Doc. 114).  Plaintiff
16 contends that these documents are in fact supplemental summary judgment replies, and as
17 such, are prohibited by the Federal Rules of Civil Procedure as well as the Local Rules
18 which provide for the filing of a single eleven-page Reply (Doc. 120, 4:15-21).  Plaintiff
19 argues that the two documents are attempts by Defendant to make further legal and
20 factual arguments in support of its summary judgment motion (Id. 5:10-27).  According to
21 Plaintiff, any such argument must be contained in the Reply filed by Defendant (Id. 5:28-
22 6:3).

23       Local Rule of Civil Procedure 7.2 specifically prohibits "a separate responsive
24 memorandum" to make "any objections or replies to arguments or facts made in the
25 Response."  LRCiv. 7.2(m)(2).  The purpose behind Defendant's Response to Plaintiff
26 EEOC's Statement of Facts and Defendant's Reply to EEOC's Local Rules of Practice
27 56.1(b) Response to Defendant's Statement of Facts is to dispute statements and
28 arguments made in the Plaintiff's Response.  The instant motion does fall within the

- 4 -

Case 2:05-cv-03032-SMM   Document 126   Filed 12/15/08   Page 5 of 5

purview of LRCiv 7.2(m)(2), and thus, these disputes should have been included in Defendant's Reply memorandum.

Accordingly,

**IT IS HEREBY ORDERED** granting in part and denying in part Plaintiff's Motion to Strike or in the Alternative Leave to File Surreply Re: Res-Care's Additional Pleadings (Doc. 120).[1]

**IT IS FURTHER ORDERED STRIKING** Response to Plaintiff's EEOC's Statement of Facts (Doc. 113) and Reply to EEOC's Local Rule 56.1(b) Response to Defendant's Statement of Facts (Doc. 114) without prejudice with leave to refile in accordance with the Federal and Local Rules of Civil Procedure. The amended Reply shall be filed no later than **Friday, January 9, 2009**.

**IT IS FURTHER ORDERED** that Defendant Res-Care's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment (Docs. 112-2 to112-7) are not stricken.

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Leave to File a Surreply (Doc. 120).[2]

DATED this 12th day of December, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[1] The motion is granted insofar as Defendant Res-Care's Response to Plaintiff's EEOC's Statement of Facts (Doc. 113) and Reply to EEOC's Local Rule 56.1(b) Response to Defendant's Statement of Facts (Doc. 114) will be stricken. The motion is denied insofar as Defendant Res-Care's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment will not be stricken (Docs. 112-2 to 112-7).

[2] The parties are advised to review the Federal Rules of Civil Procedure, the Local Rules for this district, and relevant Ninth Circuit authority regarding setting forth new facts and arguments in Responses and Replies to summary judgment motions.

- 5 -