1  **WO**

2

3

4

5                       IN THE UNITED STATES DISTRICT COURT

6                          FOR THE DISTRICT OF ARIZONA

7

8   Equal   Employment   Opportunity)      No. CV-05-3032-PHX-SMM
    Commission,                        )
9                                      )      **ORDER**
                   Plaintiff,          )
10                                     )
    v.                                 )
11                                     )
    Creative Networks, LLC and Res-Care,)
12  Inc.,                              )
                                       )
13                 Defendants.         )
    _____)

14

15          Before the Court is Plaintiff's Motion to Strike or in the Alternative Leave to File

16  Surreply Re: Creative Network's LLC Additional Pleadings (Doc. 121).  In the Motion to

17  Strike, Plaintiff asks the Court to strike Defendant Creative Networks, LLC's Exhibits to

18  its Reply in Support of its Motion for Partial Summary Judgment (Doc. 115-2, Exhibits

19  A-F), Reply to EEOC's Local Rules of Practice 56.1(b) Response to Defendant's

    Statement of Facts and exhibits (Docs. 116, 116-2) and Response to Plaintiff EEOC's
20
    Statement of Facts (Doc. 118) and exhibits (Doc. 118-2, Exhibits 1-4).  Additionally,
21
    Plaintiff requests that the Court grant it leave to file a surreply addressing any exhibits or
22
    documents not stricken.  Having considered the Motion to Strike, the Court finds as
23
    follows.
24
                                    **BACKGROUND**
25
            In the present case, Defendant initially filed a Motion for Partial Summary Judgment
26
    (Doc. 97) and Separate Statement of Undisputed Facts in Support of its Motion for Summary
27
    Judgment (Doc. 98).  Then, on May 14, 2008, Plaintiff filed a Response to the Motion for Partial
28
    Summary Judgment (Doc. 106) and Local Rule of Practice 56.1(b) Response to Defendant's

1   Separate Statement of Facts (Doc. 107).  Next, on June 2, 2008, Defendant responded by filing a

2   Reply in Support of its Motion for Partial Summary Judgment (Doc. 115), Response to

3   Plaintiff's Statement of Facts (Doc. 118), and Reply to Plaintiff's Local Rule of Practice 56.1(b)

4   Response to Defendants' Separate Statement of Facts (Doc. 116).  Plaintiff filed the instant

5   motion on August 12, 2008 (Doc. 121).

6                                    **STANDARD OF REVIEW**

7        **A.    Motion to Strike**

8        Under the Local Rules of Civil Procedure, a motion to strike may be filed in only

9   two situations: (1) when the motion to strike is authorized by statute or rule, or (2) when

10  the motion to strike seeks to strike a filing or submission because it is prohibited by

11  statute, rule, or court order.  LRCiv. 7.2(m)(1).  Furthermore, objections to the admission

12  of evidence submitted in support of or opposition to a motion are not appropriate for a

13  motion to strike.

14          An objection to the admission of evidence offered in support of or
            opposition to a motion must be presented in the objecting party's responsive
15          or reply memorandum (or, if the underlying motion is a motion for
            summary judgment, in the party's response to another party's separate
16          statement of material facts) and not in a separate motion to strike or other
            separate filing.
17
18  LR Civ. 7.2(m)(2).  Similarly, any response to the objection must be included in the reply

19  memorandum for the underlying motion filed by the responding party, rather than in a

20  separate responsive memorandum.  Id.

21       **B.    Motion for Summary Judgment**

22       Pursuant to the Local Rules of this Court, a party filing a motion for summary

23  judgment (the moving party) is required to file a statement detailing each material fact

24  that the party relies on to support its motion.  LRCiv. 56.1(a).  This statement is to be

25  filed separately from the motion and memorandum of law.  Id.  Likewise, the opposing

26  party must have one statement, filed separate from the memorandum of law, that includes

27  any disputes the nonmoving party has with the moving party's statement of facts,

28

supporting citations to the record, and any new facts they wish to offer in opposition. LRCiv 56.1(b).

> Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party.

Id. These disputes include any objections the nonmovant has with the moving party's statement of facts. LRCiv. 7.2(m)(2). The non-movant's Response shall not exceed seventeen pages, excluding attachments and the required responsive statement of facts discussed above. LRCiv. 7.2(e).

While a Reply memoranda of eleven pages is allowed, the Local Rules do not authorize a separate Statement of Facts in the Reply as they explicitly do for a Response. Id. Should a moving party have any objections or replies to facts or arguments contained in the Response or its accompanying statement of facts, these ". . . must be included in the responding party's reply memorandum for the underlying motion and may not be presented in a separate responsive memorandum." LRCiv. 7.2(m)(2).

## DISCUSSION

First, Plaintiff moves the Court to strike several exhibits attached to Defendant's Reply brief, including excerpts from depositions transcripts of Ginger Call, Kathryn Allen, Edna Faulkner, Ron Cornelison, and Rhonda Encinas-Castro, as well as an affidavit from Ron Cornelison with supporting documentation (Doc. 115, Exhibits A-F). Plaintiff argues that these exhibits should not be considered by the Court because they represent new evidence that Plaintiff has had no opportunity to address (Doc. 121, 2-3). In making this argument, Plaintiff relies heavily on Provenz v. Miller, where the Court stated, "Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-] movant an opportunity to respond." 102 F.3d 1478, 1483 (9th Cir. 1996), cert. denied 522 U.S.

1   808 (1997) (quoting <u>Black v. TIC Inv. Corp.</u>, 900 F.2d 112, 116 (7th Cir. 1990)).

2   Although Defendant allegedly had this evidence at the time it filed its Motion for

3   Summary Judgment, Plaintiff contends Defendant waited until its Reply motion to offer it

4   in an attempt to preclude Plaintiff from addressing the new exhibits (Doc. 121, 2:19-23).

5   As a result, the exhibits should be stricken, or at the very least, Plaintiff given an chance

6   to respond using a surreply (<u>Id.</u> 3:24-4:11).

7       There is no dispute that a party may not file "new" evidence with a reply and then

8   deprive the opposing party of an opportunity to respond to the new evidence.  <u>Provenz</u>,

9   102 F.3d at 1483.  The Court has examined the challenged exhibits and concludes that

10   they do not constitute new evidence.  Rather, they rebut arguments first raised by Plaintiff

11   in its opposition to Defendant's Motion for Summary Judgment.  Consequently, the

12   submissions were proper and Plaintiff's Motion to Strike as it pertains to the specified

13   exhibits is denied.

14       Second, Plaintiff moves the Court to strike Defendant's Response to Plaintiff

15   EEOC's Statement of Facts and exhibits (Docs. 116, 116-2) as well as Defendant's Reply

16   to EEOC's Local Rules of Practice 56.1(b) Response to Defendant's Statement of Facts

17   (Doc. 118) and exhibits (Doc. 118-2, Exhibits 1-4).  Plaintiff contends that these

18   documents are in fact supplemental summary judgment replies, and as such, are

19   prohibited by the Federal Rules of Civil Procedure as well as the Local Rules which

20   provide for the filing of a single eleven-page Reply (Doc. 121, 4:14-21).  Plaintiff argues

21   that the two documents are attempts by Defendant to make further legal and factual

22   arguments in support of its summary judgment motion (<u>Id.</u> 5:14-21).  According to

23   Plaintiff, any such argument must be contained in the Reply filed by Defendant (<u>Id.</u> 5:22-

24   26).

25       Local Rule of Civil Procedure 7.2 specifically prohibits "a separate responsive

26   memorandum" to make "any objections or replies to arguments or facts made in the

27   Response."  LRCiv. 7.2(m)(2).  The purpose behind Defendant's Response to Plaintiff

28   EEOC's Statement of Facts and Defendant's Reply to EEOC's Local Rules of Practice

56.1(b) Response to Defendant's Statement of Facts is to dispute statements and arguments made in the Plaintiff's Response.  The instant motion does fall within the purview of LRCiv 7.2(m)(2), and thus, these disputes should have been included in Defendant's Reply memorandum.

Accordingly,

**IT IS HEREBY ORDERED** granting in part and denying in part  Plaintiff's Motion to Strike or in the Alternative Leave to File Surreply Re: Creative Network's LLC Additional Pleadings (Doc. 121).[1]

**IT IS FURTHER ORDERED STRIKING** Response to Plaintiff's EEOC's Statement of Facts (Doc. 118) and exhibits (Doc. 118-2, Exhibits 1-4), as well as Reply to EEOC's Local Rule 56.1(b) Response to Defendant's Statement of Facts and exhibits (Docs. 116, 116-2) without prejudice with leave to refile in accordance with the Federal and Local Rules of Civil Procedure.  The amended Reply shall be filed no later than **Friday, January 9, 2009**.

**IT IS FURTHER ORDERED** that Defendant Creative Networks, LLC's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment (Docs. 115-2, Exhibits A-F) are not stricken.

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Leave to File a Surreply (Doc. 121).[2]

---

[1] The motion is granted insofar as Defendant Creative Networks LLC's Response to Plaintiff's EEOC's Statement of Facts (Doc. 118) and exhibits (Doc. 118-2, Exhibits 1-4) as well as Reply to EEOC's Local Rule 56.1(b) Response to Defendant's Statement of Facts (Docs. 116, 116-2) will be stricken.  The motion is denied insofar as Defendant Creative Networks LLC's Exhibits to its Reply in Support of its Motion for Partial Summary Judgment will not be stricken (Docs. 115-2, Exhibits A-F).

[2] The parties are advised to review the Federal Rules of Civil Procedure, the Local Rules for this district, and relevant Ninth Circuit authority regarding setting forth new facts and arguments in Responses and Replies to summary judgment motions.

1    DATED this 12th day of December, 2008.

2

3

4                                       Stephen M. McNamee
                                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28