**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CREATIVE NETWORKS, LLC, an Arizona corporation, <br><br> Defendant. | No. CV 05-3032-PHX-SMM <br><br> **ORDER** |

Before the Court is Plaintiff EEOC's ("Plaintiff") Motion to Strike, or in the Alternative, Motion for Leave to File Surreply, filed on September 2, 2009 (Doc. 152). Plaintiff requests that this Court strike (1) Section D(1) of Defendant Creative Networks, LLC's Reply in support of summary judgment and (2) Exhibit D of the Reply. Alternatively, Plaintiff requests that the Court allow it to file a surreply. Defendant Creative Networks, LLC ("Defendant") responded to the motion to strike on September 25, 2009 (Doc. 155) and Plaintiff replied on October 5, 2009 (Doc. 156). Defendant requested oral argument which was held on December 2, 2009 (Doc. 160).

Plaintiff argues that Section D(1) of Defendant's Reply contains a new argument to which Plaintiff has not had an opportunity to respond (Doc. 152, 3:24-26). Plaintiff contends that in Defendant's opening summary judgment brief, Defendant argued that Kathy Allen ("Allen") experienced problems with the change in corporate culture when she started at Creative Networks in October 2001 (Id. 3:26-4:6, 5:6-6:7). Then in its Reply, Defendant allegedly shifted its argument to claim that Allen had problems starting when Ron Cornelison ("Cornelison") became Creative Networks' Executive Director in August 2002, some ten

1 months after Allen began working there (Id.). Defendant responds that its argument was
2 merely a clarification that Allen's performance issues only arose when Cornelison was hired
3 to run the company, not when Allen began working, as Plaintiff had alleged (Doc. 155, 2:17-
4 20, 3:1-5). Defendant argues that it is permissible for a party to rebut arguments first raised
5 by the nonmoving party in its opposition brief (Id. 5:6-7).

6 The Court will not strike Section D(1) of the Reply. The deposition testimony of
7 Edna Faulkner cited in Defendant's opening brief shows that the change happened after
8 Cornelison was hired to run Creative Networks. Therefore, Defendant's Reply argument was
9 merely an attempt to clarify when Allen's performance issues arose, and not a new argument.

10 Plaintiff also requests that the Court strike Exhibit D of the Reply. Plaintiff alleges
11 that this exhibit, consisting of over seventy pages of documents, was never disclosed by
12 Defendant (Doc. 156, 6:4-7). In advance of the oral argument, the Court ordered Plaintiff
13 to submit proof showing that the documents in Exhibit D were requested by Plaintiff
14 pursuant to the Federal Rules of Civil Procedure and what response, if any, was given by
15 Defendant to such a document request (Doc. 157). Defendant also was ordered to submit a
16 brief addressing Plaintiff's claims of non-disclosure (Id.).[1]

17 Pursuant to the Court's Order, Plaintiff submitted copies of its First Request for
18 Production of Documents and First Set of Interrogatories, both dated July 3, 2007 (Doc. 159).
19 In these documents, Defendant is asked to produce "any and all documents relating to, or
20 supporting, each denial or partial denial in Defendants' Answer" as well as "any and all
21 documents . . . relating to the allegations in the Commission's complaint, Defendant's denials,
22 or Defendant's defenses." (Id., Ex. 1, 3) The Court finds that such document requests are
23 overly broad and thus, Defendant cannot be faulted for not producing the documents
24 comprising Exhibit D. Federal Rule of Civil Procedure 34 requires that document requests

---

[1] The Court ordered Defendant to file a response regarding the alleged non-disclosure of Exhibit D, since Plaintiff had first raised the non-disclosure issue in its Reply in support of its Motion to Strike. Since the issue was not raised until the Reply, Defendant did not have an opportunity to address it.

"describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Plaintiff did not serve a specific document request on Defendant regarding other employees besides Allen who were counseled or disciplined during the relevant period.

Moreover, the information regarding the counseling and discipline of other employees during 2003 was available to Plaintiff during discovery, but Plaintiff chose not to propound any discovery on this subject. The first document in Exhibit D, Bates No. Creative1930, is a chart showing the employees disciplined or terminated during the same time period as Allen (Doc. 150, Ex. D, Bates No. Creative1930). This document was produced as part of Defendant's Initial Disclosure Statement, dated March 2, 2007, and placed Plaintiff on notice that Defendant claimed to have disciplined or terminated as many as seventeen other employees during the relevant period (Doc. 161).[2] Then on June 14, 2007, Executive Director Cornelison testified at his deposition that other employees were counseled and/or terminated for negative attitudes and difficulty adjusting to the corporate culture. Cornelison even mentioned a few such employees' names at his deposition. Had Plaintiff wanted to explore counseling and termination of other employees besides Allen, it had an opportunity

---

[2]At oral argument, the parties disputed whether Bates No. Creative1930 (part of Exhibit D) had been produced. Plaintiff claimed that this chart was only produced during the EEOC's administrative investigation, while Defendant stated that it was part of its Initial Disclosure Statement produced during the present litigation. Defendant admitted that all other documents in Exhibit D, other than Bates No. Creative1930, were not previously disclosed to Plaintiff. As a result, the Court ordered the parties to produce proof regarding the production of Bates No. Creative1930 within five days of the oral argument.

On December 4, 2009, Defendant provided the Court with a copy of its March 2, 2007 Initial Disclosure Statement which verifies that Defendant disclosed its termination chart, referred to in Exhibit D and at oral argument as Bates No. Creative1930, early in this litigation (Doc. 161). Although originally prepared by Defendant in 2004 in response to a request for information during the investigative phase, the chart was disclosed again in March 2007 with the Initial Disclosure Statement (Bates No. Creative128). On December 7, 2009, Plaintiff filed its response regarding Bates No. Creative1930 (Doc. 162). Despite its representations at oral argument to the contrary, Plaintiff acknowledges that this document was produced during discovery as Creative128.

1 to do so through depositions or written discovery before the February 3, 2008 discovery
2 deadline. However, it chose not to in its July 3, 2007 discovery requests, three weeks after
3 Cornelison's deposition. Once Plaintiff took the position in its opposition that Allen was the
4 only employee disciplined for a negative attitude, Defendant responded by submitting
5 Exhibit D with its summary judgment Reply. For these reasons, the Court finds that striking
6 Exhibit D on grounds of non-disclosure is not warranted.

Plaintiff also argues that Bates No. Creative1930, while previously disclosed, should be stricken because an adequate foundation was not laid (Doc. 156, 6:24-7:10). The Court also finds this argument lacks merit. This one-page chart was submitted as Item 13 in Defendant's Initial Disclosure Statement on March 2, 2007. Defendant also submits a declaration from Cornelison confirming that the chart was prepared at the request of Plaintiff during the investigative phase (Doc. 155, Ex. 3).

Plaintiff also has failed to show that its request for a surreply is merited. Although Plaintiff had information that other employee disciplinary actions were taken during the relevant time period, Plaintiff found it unnecessary to conduct discovery on this peripheral issue. Moreover, neither Plaintiff's complaint nor expressed theories demonstrate that disparate treatment is a part of Plaintiff's retaliation claims.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff EEOC's Motion to Strike (Doc. 152).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Leave to File Surreply (Doc. 152).

DATED this 8th day of December, 2009.

_____
Stephen M. McNamee
United States District Judge