FILED ___ LODGED
RECEIVED ___ COPY

MAY 2 4 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Creative Networks, LLC, an Arizona corporation, and Res-Care, Inc., a Kentucky corporation,<br><br>　　　　Defendants. | Case No.: CV05-3032-PHX-SMM<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Creative Networks, Inc., an Arizona corporation to enforce Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. In the Complaint, the Commission alleged that Defendant discriminated against Ms. Rhonda Encinas-Castro and Ms. Kathryn Allen in retaliation for having opposed discrimination and/or participating in a proceeding pursuant to Title VII, including an investigation of alleged employment discrimination, in violation of Title VII, 42 U.S.C. § 2000e-2(a). Creative Networks denies the allegations of discrimination or retaliation against both claimants and this Decree shall not be considered an admission of liability.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a jury trial and the entry of findings of fact and conclusions of law.

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims of the Commission against Defendant, including back pay, compensatory and punitive damages, interest and injunctive relief arising out of the issues in this lawsuit. The two claimants, Rhonda Encinas-Castro and Kathryn Allen, have agreed to execute the EEOC standard release attached as Exhibit A.

## INJUNCTION

2. Defendant and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with it, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from: (a) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

## MONETARY RELIEF

3. Defendant shall pay the gross sum of $110,000 (One hundred and ten thousand dollars) to be distributed among Ms. Encinas-Castro and Ms. Allen, according to the amounts provided to Defendant by the Commission. The gross sum shall be paid no later than ten days from the Court's entry of the Consent Decree and will be mailed to the women at the addresses supplied by the Commission. Within five business days of the issuance of the checks, Defendant shall submit a copy of the checks and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

Defendant will not condition the receipt of individual relief on Ms. Encinas-Castro and Ms. Allen's agreement to (a) maintain as confidential the terms of this decree, (b) waive their statutory right to file a new charge with any federal or state anti-discrimination agency based on facts separate from those underlying this case, or (c) waive their right to apply for a position with the Defendant.

4. Defendant will issue United States Internal Revenue Service Form 1099 to Ms. Encinas-Castro and Ms. Allen for the tax year during which payment is made.

## OTHER RELIEF

5. Defendant shall expunge from the personnel file of Ms. Encinas-Castro and Ms. Allen: (a) any references to the charge of discrimination filed against Defendant that formed the basis of this action; (b) any references to Ms. Encinas-Castro's and Ms. Allen's participation in this action; (c) any other documents relating to the involuntary nature of the termination of Ms. Encinas-Castro. Defendant shall also provide a neutral letter of reference to all prospective employers for both Ms. Encinas-Castro and Ms. Allen; the letter is attached as Exhibit B.

6. Defendant shall institute and carry out policies and practices that help assure a work environment that allows employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs seven through twelve of this Decree.

## NOTICE

7. Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the Notice attached as Exhibit C. The Notice shall be posted in English. The Notice shall be the same type, style, and size as set forth in Exhibit C.

## TRAINING

8. Defendant shall provide training on retaliation. The training shall consist of the following terms:

A. Defendant shall retain a trainer/lecturer who shall provide one live training to its employees located in Arizona or any other employee with Human Resources responsibility for Defendant's Arizona locations, on the issue of retaliation. In July 2010, the trainer/lecturer shall conduct one live training seminar. The live seminar will be videotaped by a qualified videographer. All of Defendant's employees and supervisors, both managerial and non-managerial, shall attend the live seminar or a videotaped showing of the live seminar twice within the eighteen month duration the decree is in effect. New employees shall view the videotape within thirty (30) days of commencing employment. Defendant may have duplicative videotaped seminars to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicative seminars.

B. Defendant shall obtain the EEOC's approval of the trainer/lecturer selected by Defendant to provide the training described above, which shall not be unreasonably withheld. At least thirty (30) days prior to the proposed live training seminar, Defendant shall submit the name(s), address(es), telephone number(s) and resume(s) of the proposed trainer/lecturer(s), together with the date of the proposed training seminar and an outline of the contents of the training, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided in paragraph three above. The Commission shall have fourteen (14) days from the date of receipt of the information described above to accept or reject the proposed trainer/lecturer(s) and/or the contents of the seminar. In the event the Commission does not approve the designated trainer/lecturer(s) and/or the contents of the training, the Commission shall recommend at least three trainer/lecturers at a cost not to exceed $5,000 per seminar, which shall be paid by Defendant.

C. During the first year of the Consent Decree, the live training seminar shall be conducted in July 2010. The second training, which may be viewed by video tape, will be conducted within twelve months of the first.

D.  The training seminars shall be at least one and a half hours including time for questions and answers. All of Defendant's employees shall register when they attend a training seminar. The registry of attendance shall be retained by Defendant for the duration of this Decree.

E.  The seminars shall include: (1) the subject of what constitutes retaliation for engaging in a protected activity under Title VII of the Civil Rights Act of 1964; and (2) to whom and by what means employees may complain if they feel they have been discriminated against based on retaliation. The seminar shall also review and explain Defendant's anti-discrimination policies including those set out in paragraph ten of this Decree.

F.  During the live training seminar, Defendant's Executive Director shall speak to the supervisory employees about the legal consequences faced by companies that discriminate in retaliation for engaging in a protected activity; the importance of maintaining an environment free of discrimination, and Defendant's anti-discrimination policies, as referred to in paragraphs six and ten of this Decree. The Executive Director shall explain that managers and supervisors will be evaluated, in part, on their enforcement of policies prohibiting retaliation and their response to complaints of failure to follow this policy.

9.  A videotape of the live training will be provided to the EEOC within 30 days of the training seminar.

**POLICIES/PROCEDURES**

10.  Within sixty (60) days of the entry of this Decree, Defendant shall develop written policies, or revise existing policies, concerning retaliation to conform with the law, and shall submit the policies for review to the Regional Attorney of the Phoenix District Office of the EEOC at the address provided in paragraph three above. The written policies must include at a minimum:

A.  A strong and clear commitment to a workplace free of retaliation.

B. A strong and clear statement encouraging persons who believe they have been discriminated or retaliated against to come forward.

C. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees can report the discrimination.

D. An assurance that Defendant will investigate allegations of retaliation promptly, fairly, reasonably and effectively, using appropriate investigators, and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct.

E. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy.

F. A promise of maximum feasible confidentiality for persons who believe that they have been subjected to retaliation.

G. An assurance of non-retaliation for persons and witnesses who report to Defendant that they believe they have been subjected to unlawful discrimination.

These policies shall be distributed to all of Defendant's employees within ninety (90) days of the entry of this Decree. These policies also shall be posted in English in a prominent place at each job site frequented by the employees.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

11. Defendant shall report in writing to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph three above, beginning six months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information:

A. A copy of the revised policies required in paragraph ten of this Decree.

B. Any changes, modifications, revocations, or revisions to its policies and procedures which concern or affect the subjects of unlawful discrimination based on retaliation.

   C. The registries of persons attending the training seminars required in paragraph eight of this Decree and a list of current personnel employed by Defendant on the days of the seminar training sessions.

   D. Confirmation that (1) the Notice required in paragraph seven of this Decree was posted in English, and the locations where it was posted; (2) the policies required in paragraph ten were distributed to each current and new employee of Defendant, and posted; (3) the expungement from Ms. Encinas-Castro's and Ms. Allen's personnel files required in paragraph five of this Decree took place, the date of the expungement, and the specific documents expunged.

 12. The Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's premises and work sites to ensure compliance with this Decree.

## COSTS AND DURATION

 13. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree

 14. The duration of this Decree shall be eighteen months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

 15. Absent extension, this Decree shall expire by its own terms at the end of eighteen months from the date of entry without further action by the Parties.

 16. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

DATED, this 24 day of MAY 2010.

*[signature]*
Stephen M. McNamee
United States District Court Judge

AGREED TO AS TO FORM:

*[signature]*
JAMES L. BLAIR, ESQ.
SANDRA A. SHOUPE-GORGA, ESQ.
Renaud Cook Drury Mesaros, P.A.
Phelps Dodge Tower
One North Central Ave., Suite 900
Phoenix, AZ 85004-4417
Attorneys for Defendants

*[signature]*
MEGAN NEAL
Executive Director
Creative Networks, LLC

*[signature]*
MARY JO O'NEILL
Regional Attorney

*[signature]*
SALLY SHANLEY
Supervisory Trial Attorney

CHRISTOPHER HOUK
Trial Attorney

MEENOO CHAHBAZI
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

EXHIBIT A

# RELEASE

In consideration for $ 65,000.00 paid to me by Creative Networks, LLC, in connection with the resolution of EEOC v. Creative Networks LLC, CIV 05-3032-PHX-SMM, I waive my right to recover for any claims of discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Creative Networks, LLC, and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with Creative Networks prior to the date of this release and that were included in the claims alleged in EEOC's complaint in United States District Court. I understand that the monetary payment is for compensatory damages and will be reported on an IRS Form 1099 and that I alone am responsible for any tax liability.

Name: Rhonda Encinas

Date: 5/17/2010

Signature: *Rhonda Encinas*

05/17/2010  Case 2:05-cv-03032-SMM  Document 205-2  PAGE 01
May-17-10  10:02am  From-EEOC  6026404957  T-493  P.02/02  F-758

## EXHIBIT A

## RELEASE

In consideration for $ 45,000.00 paid to me by Creative Networks, LLC, in connection with the resolution of EEOC v. Creative Networks LLC, CIV 05-3032-PHX-SMM , I waive my right to recover for any claims of discrimination and/or retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Creative Networks, LLC, and its officers, agents, employees, successors, assigns, and all persons in active concert or participation with Creative Networks prior to the date of this release and that were included in the claims alleged in EEOC's complaint in United States District Court I understand that the monetary payment is for compensatory damages and will be reported on an IRS Form 1099 and that I alone am responsible for any tax liability.

Name: Kathryn Allen

Date: *Kathryn Allen*
5-17-10

Signature: *Kathryn Allen*

10 MAY 17 PM 2 12 EEOC-PXDO

# EXHIBIT B

[Creative Networks, LLC's Letterhead]

To Whom It May Concern:

    This letter will serve to confirm [Charging Party or Class Member]'s employment with Creative Networks, LLC's employment from [date] to [date]. During this time, [Charging Party or Class Member] held the position of [job title].

Sincerely,

EXHIBIT C

## NOTICE TO ALL EMPLOYEES

It is unlawful under federal law, Title VII of the Civil Rights Act, and state law to discriminate against an employee on the basis of race, color, national origin, sex, disability, age, religion, or genetic information in the recruiting, hiring, firing, compensation, assignment, or other terms and conditions of privileges of employment. Harassment on the basis of race, color, national origin, sex, disability, age, religion, or genetic information also violates the law. Harassment includes unwelcome verbal comments or physical conduct.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

Creative Networks shall not discriminate or harass against any employee on the basis of race, color, national origin, sex, disability, religion, or genetic information, and shall not retaliate against any employee for complaining about discrimination or harassment.

If you believe you have been discriminated against or harassed, you have the right to seek assistance from:

(1) EEOC
3300 N. Central Avenue
Suite 690
Phoenix, Arizona 85012
Telephone: 602-640-5000
TTY:  602-640-5072
Website (national): www.eeoc.gov or

(2) Arizona Civil Rights Division ("ACRD")
of the Attorney General's Office
1275 West Washington
Phoenix, Arizona  85007
Telephone:  602-542-5263
TDD:  602-542-5002
Toll Free: (877) 491-5742
Toll Free TDD:  877-624-8090

No Retaliation Clause:  It is against the law for any action to be taken against you by any supervisory or management official of the employer for (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge of assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any

such retaliatory actions be taken against you, you should immediately contact the EEOC or ACRD at the addresses or telephone numbers listed above.